I agree with the disposition of the second and third assignments of error. I respectfully disagree with the disposition of the first assignment of error relating to the sufficiency of the evidence to show the prior speeding offenses and judgment entry's failure to show a degree of the charge.
I would find that Benn waived the right to complain of the manner of proving the existence of the prior convictions because he did not object, nor ask the court to dismiss the case on that ground. See State v. Cyphers (Apr. 10, 1998), Champaign App. No. 97-CA19. Had Benn objected to the officer's testimony as hearsay, he might have been entitled to reversal, but his failure to object amounted to a tacit stipulation of that evidence and waived any right to argue it on appeal. As noted in Cyphers, that evidence was adequate in its content to prove the existence of the prior offense.
As to the court's judgment entry, I believe there can be doubt that the court found Benn guilty of a fourth degree felony as charged by the traffic ticket. The court's journal entry finding Benn guilty referred to the charge. This was sufficient to satisfy R.C. 2945.75(A)(2). Moreover, Benn certainly knew he faced a higher degree of offense as a result of his prior offense because this was the primary issue at trial. In fact, not only did the specific charge apprise him, but the uncontested evidence showed that the arresting officer even told Benn he should hire an attorney given the elevated degree of the offense. The circumstances here were more than sufficient to satisfy the requirements of R.C. 2945.75.